We will hear argument in our next case, number 241404, Mitchell Repair v. Evox Productions. Whenever you are ready, counsel. Good morning, Your Honors. May it please the Court. Here is a license agreement at the center of this copyright dispute. Mitchell I licensed images from Data One, who is a sub-licensor and broker of Evox. But Evox has asserted that Mitchell I infringed Evox's copyrights in the licensed images by exceeding the scope of the Data One-Mitchell I license agreement. In the Data One-Mitchell I license agreement, Data One warranted that it had all necessary rights in the licensed images to perform the agreement, and Data One agreed to hold Mitchell I harmless from a claim or suit by a third party to the agreement. And the Data One-Mitchell I license agreement has a forum selection clause that mandates any disputes arising under the agreement shall be brought exclusively in Virginia. Now, there have been two forums in this litigation at the trial court level, and I'd like to discuss those forums. One of the forums was the Southern District of California, and I'll refer to that court as the California court. The other forum is the district court that we're appealing from, the Eastern District of Virginia, and I'll refer to them as the district court or the Virginia court. Turning to the California court, despite knowing about and reviewing the Data One-Mitchell I license agreement, Evox filed suit for copyright infringement against Mitchell I in California without naming the necessary party Data One. Mitchell I filed a motion to dismiss or alternatively transfer the California case due to Evox's failure to name Data One as a party. As the California court found, because Evox's copyright infringement claims arise under the Data One-Mitchell I license agreement, Evox, quote, sued in the wrong district, end quote, and the California court transferred the case to Virginia. That's at JA 275. So can I ask you why or what is your position on whether that moots out this appeal? I mean, if the underlying controversy was around the venue for this suit, that seems like it's now been determined. Your Honor, we did file a motion to vacate the dismissal and remand, and we had a request for instructions to consolidate this case with the transferred case. So is that because you think the appeal is moot? We think the forum issue on the appeal is moot. Is there a forum issue on appeal? I thought the district court kind of very carefully avoided ruling on what the proper, the court didn't rule on the forum selection clause or any of that, because all of that was presented to the district court as a matter of Ninth Circuit law, California law. So the court, I don't see any question about what the proper forum is. In this case, it was just a first-to-file ruling. Well, Your Honor, there's only one forum in the litigation now. It's the Eastern District of Virginia. All the parties' disputes will be litigated there. Right. I guess I'm wondering why would we vacate what the district court did here when you have to prove the district court did something wrong or that the question in front of us is moot, but the question in front of us is just, did the court correctly rule that the California case was filed first and so defer to it? So, Your Honor, there are errors in the district court's dismissal. There's errors in the district court's refusal to stay, and I can address those. But in the motion to vacate, this court, the resolution of the forum issue, would no longer have a practical effect because the parties are in Virginia, and that was the core of our motion to vacate. Do you have a position on whether this appeal is moot? Your Honor, the forum issue is moot, so I think the remedy is to vacate the dismissal and remand. Why? I don't understand. We might vacate if we thought the appeal was moot, but why else would we vacate? Your Honor, this court's customary practice in the Omish case, for example, is to vacate moot aspects of the lower court's judgment and remand, and so we think that's appropriate here. We don't think the case should be dismissed. What aspect of the lower court's judgment is moot? The dismissal, Your Honor. Why? It's no longer a live dispute where the forum is. So there was a default by EVOX in the Virginia case. Data 1 had filed an answer. EVOX defaulted. There's still legally cognizable interest in pending motions relating to the default. But the forum issue, that's what's moot. So I would submit it's not appropriate to dismiss the case, vacate with instructions to dismiss the case, but vacate to allow the parties to continue to litigate the remaining disputes. Why don't we just affirm the district court's decision? Well, Your Honor, the dismissal was erroneous, and I can address the merits. The district court erred by not giving controlling weight to the forum selection clause. The Supreme Court in Atlanta. Can I ask? I don't understand. At the time the district court was ruling, EVOX's position was this is not a controlling forum selection clause on us. We're not parties to the agreement. So are you saying the district court was somehow, and that was the very issue being litigated in the California court, are you saying the district court was required to sort of accept as a given your position in that litigation, that EVOX was bound by the forum selection clause? How would it be error for the district court to say, I don't know, they're going to decide that in California? Well, Your Honor, the court erred in not giving controlling weight to the forum selection clause. But it doesn't have to give a controlling weight. I mean, there's no argument that it would have to give a controlling weight if it didn't bind EVOX. Your Honor, understood, but EVOX is bound by the forum selection clause. Well, that's what you say, but the district court doesn't have to rule based on your litigation position in the California litigation. It doesn't have to accept as the first premise that you are correct in your legal contentions and then take it from there. Your Honor, in the complaint, we allege that Data One and EVOX are coordinating against Mitchell One, and that EVOX is a third party beneficiary of the license agreement. Those allegations are well pled and taken as true. If an allegation of a legal conclusion doesn't bind a district court, if it did, litigation would be so swift and brisk, but that's not how it works. Understood, Your Honor, but we're here on a sua sponte dismissal. We didn't have an opportunity to prove those allegations. We made the assertion in response to the show cause order that EVOX was bound by the agreement, and now, you know, I saw you making the argument that as a matter of law in the Ninth Circuit, EVOX is bound by the agreement. It was an argument about California and Ninth Circuit law. There was nothing about, you know, as a matter of the law in the Fourth Circuit, EVOX is bound, and therefore the forum selection clause should be preeminent in your first file analysis. Even in our court, you don't really give us reasons why the Fourth Circuit law would counsel the court to hold that. Well, Your Honor, a few points. We weren't limited to the Ninth Circuit law in our response to the show cause order. That was an eight-page order that we were limited to. We did cite a briefing to the California court about why EVOX was bound. And the district court kind of quite sensibly took that to mean that the California court is litigating this, and, you know, I'm going to defer to that and not interfere with that and let that court sort it out. So, Your Honor, that was error. The court misapplied the first-to-file rule. The first-to-file rule does not override a mandatory and enforceable forum selection clause, and Data 1 was a necessary party and joined in the Virginia case, and there's no question they're bound by the forum selection clause. The district court correctly recognized Mitchell 1's, quote, licensing agreements with Data 1 select Virginia as the proper forum for disputes arising from the two parties' contracts, but then did not give that forum selection clause controlling weight. Instead, the district court subordinated the forum selection clause in favor of the first-to-file rule, and this court has said the first-to-file rule is not unyielding, and the California action was not entitled to deference under the first-to-file rule because of the mandatory and enforceable forum selection clause that mandates Virginia forum for disputes arising under this license agreement. Now, the California court has ruled that EVOX was bound by the agreement, and that's in the record as persuasive authority, but this district court's finding that Data 1 should be joined, now, albeit it should be joined in California, but the district court's finding that Data 1 should be joined to EVOX's copyright claims is a finding that Data 1's a necessary party, and that implicates the forum selection clause. So, let me see if I understand. The Virginia district court found that all the claims raised in the Virginia action could be asserted as affirmative defenses or as third-party claims against a necessary party in the California action. It also found that judicial economy would be served by having the entire litigation resolved in a single action rather than piecemeal. So, how does the – what about that do you disagree with because what he did is decline to exercise declaratory jurisdiction? What's wrong with what – that? I mean, how is anybody harmed by what he put there? So, Mitchell 1 was harmed by not having its claims resolved in Virginia pursuant to the forum selection clause. You know, what the Supreme Court has said about forum selection clauses in Atlantic Marine and in other cases make sense that they serve vital interests of the justice system. If someone could just run off to a different forum and file suit, that would circumvent forum selection clauses and undermine the freedom of contract. So, here, the district court found, quote, no legitimate explanation for Mitchell's choice to file a separate suit for declaratory judgment in this district and Mitchell's purpose must be to wrest the choice of forum from EVOX and interfere with the existing suit. So, that's not applicable here because there was a forum selection clause mandating Virginia forum. And so – Sure, it's applicable. There is already a lawsuit and if you think the forum is wrong, you file a motion to transfer because they filed in the wrong forum. But the court's point was we don't normally address this problem by filing, you know, multiple lawsuits. We address it by requesting to transfer to the appropriate forum. So, Your Honor, we did file a motion to transfer in California and the court granted it. And before then, we filed in the correct forum with both necessary parties, Data One and EVOX, and we pled all our claims. And so, Atlantic Marine and the other cases we cited do not require us to plead all our claims in the improper forum. And so, we have EVOX filed in the wrong jurisdiction and defaulted in the proper jurisdiction, a correctly filed claim, and now is seeking to use the later transfer to avoid the consequences of its default. And so, that's improper. And not staying the case was erroneous for all the reasons that the district court erred in dismissing the case. If there are no further questions, I'll close by saying the court should grant Mitchell 1's motion to vacate the dismissal and remand with instructions to consolidate this case with the case transferred from the California court. And in the alternative, the court should reverse the district court's judgment and remand for further proceedings. I'd like to reserve the remainder of my time for rebuttal. Thank you. Good morning, and may it please the court. There are three reasons why the district court's decision to dismiss Mitchell 1's declaratory relief action in Virginia should be affirmed. I'd like to quickly cover just those three issues. Sorry, I hate to cut you off, but before you tell us why it should be affirmed, I thought your position was that the appeal is moot and we don't have jurisdiction to rule on it. No, the appeal is not moot, and that's one of the reasons that it should be affirmed. We say it was functionally mooted by the transfer. And there's a distinction, and I'll explain the distinction. And this is actually the third reason why the district court's decision should be affirmed. The court's order transferring the case to the Eastern District of Virginia does not moot whether the district court erred when properly declining in its discretion to not exercise jurisdiction over Mitchell 1's declaratory relief complaint, certainly as to eVox. And there are three reasons why that is the case. The first is that the mere fact that Mitchell 1 and eVox still dispute whether the district court properly exercised its discretion to dismiss Mitchell 1's declaratory relief complaint establishes that there is still a right case in controversy before this court. No, no, the fact that two parties are still arguing about something doesn't mean that an appeal isn't moot, unless there's some effectual relief we can grant at this point. The effectual relief that can be granted at this point is affirming the district court's decision. In other words, the parties still dispute whether the district court erred. We believe that the district court did not err and that the district court's judgment dismissing the declaratory relief case should be affirmed. Mitchell 1, on the other hand, says that the district court erred and that that judgment should be vacated. But what practical difference, for you, explain to me what practical difference it makes in the world at this point whether we affirm the judgment or not, given that the case is going to be heard in Virginia? The practical difference is that if the district court is reversed and the case is remanded back to the district court in Virginia, then the district court has two separate cases completely overlapping. We can consolidate them if it wants. They would have to be consolidated. Okay. Or have to, or, I'm sorry. No, I just don't understand how whether the district court, how the district court manages its docket. Like, I don't think that is enough to keep this appeal alive. Does it make a difference to the parties how we decide this case? Yes, it makes a difference. Okay. Tell me how it makes a difference to you guys. It makes a difference to EVOX because we think that the case that should go forward is not a declaratory relief action where EVOX is the defendant, but rather the transferred case from California, the copyright infringement case on the substantive merits that EVOX brought in California that was transferred to Virginia where EVOX is the plaintiff, and Mitchell 1 is free to assert all of the affirmative defenses or even declaratory relief counterclaims that it brought in Virginia, and to add in Data 1 as a third-party plaintiff. But we don't think that it makes sense for EVOX to have to defend a declaratory judgment complaint as a defendant and prosecute an affirmative copyright case at the same time and to try to help the district court figure out how to deal with both of those. Sorry. Just to summarize, you're saying the practical difference in the world, the relief that we can give, is that your client can be a plaintiff and not be a defendant. That is one of the reasons for not simply vacating this. What is that? I mean, what is the real? I don't really see the real practical relief we're granting there, how the world is changing. Well, at trial, we would be going first. We would be presenting our copyright. I do understand the difference between a plaintiff and a defendant. I guess I should have clarified. Well, I'll just be frank. I thought your answer was going to be, we don't want a default judgment, and there's a chance the default judgment would be revived if you rule, if you vacate in this case, and we would like to avoid that. That has real actual practical impact on my client, and that's why they're paying me to stand up here and not just litigate this case in Virginia. That is true as well. We don't want to have to litigate the default. Now, there was a clerk entry of default. The judge has not entered default. Right. There were motions pending. There were motions pending. The motions were briefed. We don't think that it makes sense to have to litigate that issue, to litigate some of the other issues that were raised in the declaratory judgment case in the context of that case. There were several issues that Mitchell 1 raised in the context of its declaratory judgment case, including the default. And all of that, we don't think that there was any grounds for a default. We think that if we go back and have to litigate that case, that Mitchell 1 could never establish any prejudice, particularly after the year and a half or so that it's been since the district court entered its judgment dismissing that case. But that aside, yes, that is another practical effect that the district court will not have to deal with if this court simply affirms the district court. And we think that this court should affirm the district court because the district court was correct in exercising its discretion that under the first to file rule and under its inherent authority for considering declaratory relief claims, that the district court properly exercised its discretion and decided that before it addressed any of the issues that were raised, including the applicability of the forum selection clause to a non-party like EVOX, that it was a better course to allow the California court to decide those issues in the first instance. As you heard, there was already a motion pending in the California court to either dismiss the case or to transfer it to Virginia. The central issue on that was whether Data 1 should be joined or the failure to not join Data 1 and the forum selection clause. And the district court determined that it was better to avoid inconsistent rulings, to interfere with what the California court was going to do, to allow the California court to decide that motion before the district court in Virginia kind of preempted all of it and decided that issue in the first instance. And so what the district court did under the first to file rule analysis was apply the first to file proper analysis under the Winsel case. And the district court did that. The district court looked at all of the factors under Winsel, including the similarities and overlap between the issues in California and in the Virginia declaratory relief case. It looked at the comparative process, progress between the two cases, and it did the rule 1401 balancing that is required in the first to file analysis. And it came out deciding that in its discretion that the case should go forward in California at least until the motion to transfer to dismiss was heard before the district court interfered. That was a proper exercise of discretion under the first to file rule. And that's the issue on this appeal, on the substant merits of the appeal, is whether the district court properly exercised its discretion to dismiss without prejudice so the earlier filed California case could, and the judge in California, could determine whether that case should be dismissed or transferred. The issue of this appeal is not, as Mitchell 1 has argued, whether EVOX is bound by the forum selection clause in the Mitchell 1 Data 1 license. Now, to be clear, we think that EVOX was not bound. But we understand that the court in California reached a different decision. We did not seek an interlocutory appeal of that decision. The reason is a practical one. The court did not think the case should be litigated there, and I don't want to litigate a case where a court thinks we shouldn't be. But the Virginia court did not need to decide that issue of binding, whether EVOX was bound, in order to decide whether it should exercise its discretion to let the California court go first as opposed to exercising jurisdiction over the second filed duplicative declaratory judgment case that was already pending in California. And this court does not need to answer that question either to decide whether the district court properly exercised its jurisdiction in applying the first to file rule so that the California court could go first. So in applying the Winsell factors, the court, again, reached a reasonable conclusion in determining that it was better not to risk the inconsistent rulings. Now, in response, so the court issued an order to show cause. In response to that order to show cause, Mitchell 1 never explained how the forum selection clause in the Mitchell 1, Data 1 license applied to EVOX or superseded the first to file rule as a matter of law. We think that affects a waiver of the argument. Mitchell 1 simply said, well, the Ninth Circuit law says that EVOX is bound, but never said what Ninth Circuit law or explained how that happened. But even if it's not a waiver, an important point I think is that Mitchell 1 doesn't cite a single case to this court where a district court has been reversed for exercising its discretion to dismiss a second file case under the first to file rule, whereas here, two things. One, the plaintiff in the first file case was not itself a party to the contract with a forum selection clause. Second, the second file case was a declaratory judgment action, asserting only defenses to the first file case, not a single case that has reversed a district court exercising its discretion under the first to file rule under those two circumstances. So, Mitchell 1 also argued . . . Counsel, I think we understand your position and you've got time. No, you don't have time. We understand your position, so I think we're set. Thank you, Your Honor. Your Honor, a few points on rebuttal. I'd like to discuss the motion to vacate. Appeal is not moot. We heard discussion about the pending motions related to the consequences of EVAC's default. Data 1 has answered in this case, and so to go back and replete all of that in a separate case is inefficient. And so the correct relief is vacate or reversal, and I'll focus on the merits and why reversal is appropriate. Data 1 is a necessary party to EVAC's copyright claims. That's what the district court found here, and that is where Data 1 is to be sued relating to the license agreement is a Virginia forum. And there are also breach of warranty claims that Mitchell 1 filed in the declaratory judgment case that are unique to Data 1 and were never a part of the California case. The district court had no good reason under this court's case law to decline to exercise declaratory judgment jurisdiction given the presence of the forum selection clause and Data 1 being a necessary party. Well, let me ask you this. I'm having a hard time following this. Everybody's in Virginia now. All the issues are there. The only leg up that I can see is that issue of default. So why can't we just get in the car and drive to the courthouse and litigate it? Your Honor, our motion did ask for a vacate of the dismissal, and there's still legally cognizable interest in the pending motions related to the default, and in addition, Data 1's answer. Well, I understand the default is the leg up issue, but it still got litigated. Understood, but an affirmance by this court would wipe that out, and we would be with just the California case, and we would have to re-plead Data 1, and Data 1 would have to re-answer, and then we would plead defenses. How are you harmed by that default going away? In real terms, I'm a street fighter, lawyer, judge. I mean, how are you harmed in the early, early stages of litigation when there's a fight over whether a default is going to stand or not? It's probably not. Well, Your Honor, the district court should decide that motion for default judgment on the merits in the first instance. It was fully briefed, understood the standard is high, but instead the district court dismissed, based on a misapplication of the first-to-file rule. There are cases in the blue brief and the gray brief that have confronted this issue of the interplay between the first-to-file rule and mandatory enforceable form selection clauses, and the first-to-file rule does not override form selection clauses. It's the other way around. First-to-file rule is subordinate to form selection clauses. And I would like to point out that Mitchell 1 raised the enforceability of the form selection clause under general law throughout the proceeding. We raised the form selection clause in the complaint at JA 9-10, 15-17, 20, 23, and 30 in the motions related to the default, JA 183, 215, 214, 222, 224, 145, 146, 199, and 205. And then in the response to the show cause order, we did reference Ninth Circuit law, but then at JA 243 we made the argument that EVOX's copyright claim is that we exceeded the scope of the Data 1-Mitchell 1 license agreement. But then how can they not be bound by the form selection clause in that same license agreement? That's picking and choosing parts of the contract you don't like. That's unfair, and that's contrary to the Supreme Court's guidance of enforcing form selection clauses serving vital interests of the justice system. So for all these reasons, we would ask this Court to vacate the dismissal and remand for further proceedings, or in the alternative, to reverse the district court's judgment and remand. Thank you. Thank you very much. If you wouldn't mind, we would be happy if you would come up, and we will greet you from the bench, and then we will take a short break. This Honorable Court will take a brief recess.
judges: Pamela A. Harris, Allison J. Rushing, Henry F. Floyd